**WO**                                                                                                       SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John David Frazier, | No. CV 08-0324-PHX-JAT (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff John David Frazier, who is confined in the Towers Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc.# 3.)[1] Plaintiff has filed a First Amended Complaint. (Doc.# 5.) Because Plaintiff has failed to cure cited deficiencies and otherwise fails to state a claim, the First Amended Complaint and this action will be dismissed.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

---

[1] "Doc.#" refers to the docket number of filings in this case.

allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Leave to amend, however, need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. Plaintiff's First Amended Complaint fails to cure cited deficiencies and otherwise fails to state a claim.

**II.     First Amended Complaint**

Plaintiff alleges three counts concerning medical care and failure to protect at Maricopa County Jails. Plaintiff sues the Maricopa County Sheriff's Office (MCSO), MCSO Sheriff Joseph M. Arpaio, Maricopa County Health Services (CHS), and CHS Administrator Lee-Anne. Plaintiff seeks compensatory and punitive damages.

**III.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002).

Plaintiff alleges the following facts: On June 13, 2007, Plaintiff was injured in an automobile accident, breaking his left hip, left femur, pelvis, and 26 bones in his right foot

1 "and required open reduction internal fixation done on his right ankle and a broken right
2 wrist." (Doc.# 5 at 3.) He was prescribed pain medications, Oxycontin and Oxycodone, and
3 use of a wheelchair for an undetermined period by his orthopedic surgeon. Plaintiff was also
4 taking Seroquel, which had been prescribed for depression.

5     On September 25, 2007, Plaintiff was booked into the Fourth Avenue Jail and
6 thereafter placed in a "medical pod" away from general population. Plaintiff was not,
7 however, permitted to bring in his medications. Plaintiff was confined for 25 days in the
8 medical pod and despite repeated requests, he was not provided pain or anti-depressant
9 medication by unidentified CHS staff and only "very limited medical attention." After 25
10 days, Plaintiff was released.

11     On October 30, 2007, Plaintiff was again arrested and booked into the Fourth Avenue
12 Jail. Plaintiff arrived at the Jail in his wheelchair and was placed in a medical pod, but
13 detention officers would not allow him to keep his wheelchair. Further, although Plaintiff
14 still required assistance to ambulate, they did not provide him with crutches or a cane.
15 Plaintiff slipped and fell in his cell, which required him to be taken to a hospital for
16 unidentified "new injuries" and aggravation of his existing injuries. After being x-rayed and
17 examined, Plaintiff was returned to the Jail but still was not provided with a wheelchair,
18 cane, or crutches, requiring Plaintiff to obtain the assistance of his cell-mate to stand or walk.
19 Plaintiff was again released from the Jail.

20     On December 11, 2007, Plaintiff was arrested again. He was not permitted to bring
21 his wheelchair with him and he was placed in general population at the Fourth Avenue Jail,
22 rather than a medical pod, although he was still recovering from his injuries and was unable
23 to defend himself. According to Plaintiff, based on his medical condition and the charges
24 pending against him, unidentified MCSO classification officers should have assigned him
25 to protective segregation or a "nature of crime" pod. Due to the negligence of the
26 unidentified MCSO classification officers, who placed Plaintiff in general population, he was
27 severely beaten by inmates in his pod and his personal property was stolen. Plaintiff was
28 again taken to the hospital for unidentified new injuries and aggravation of his pre-existing

- 3 -

injuries.

### A.     MCSO and CHS

Plaintiff names MCSO and CHS as Defendants; however, they are not proper defendants. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. §§ 11-441(A)(5), 31-101. MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. The responsibility for providing medical care for prisoners in Arizona is placed by law on the county. See A.R.S. §§ 11-251(8), 11-291(A). CHS is an administrative agency of Maricopa County to allow it to carry out its statutory duties, and also is not a "person" amenable to suit pursuant to § 1983.

Even if Plaintiff's allegations against CHS were construed as being brought against Maricopa County, Plaintiff fails to state a claim. A municipality may not be held liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)), cert. denied, 126 S.Ct. 2864 (2006). Plaintiff fails to allege that any constitutional violation was the result of a custom or policy of CHS, or alternatively, the County, and therefore, fails to state a claim against either. For the reasons discussed, Plaintiff fails to state a claim against MCSO, CHS, or alternatively, the County.

### B. Failure to Connect the Remaining Defendants to Any Alleged Violation

Plaintiff otherwise sues Sheriff Arpaio and CHS Administrator Lee-Ann as Defendants. Although either may properly be sued, Plaintiff fails to allege any facts to connect them to any alleged violation. In its prior Order, the Court stated that:

> A defendant is liable only if she "play[ed] an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). In a defendant's individual capacity, this means that a plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). In a defendant's official capacity, this means that a plaintiff must set forth facts to support that a defendant either created or acted pursuant to an official policy or custom that caused the plaintiff's constitutional injury. See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). But there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a person who allegedly violated a plaintiff's constitutional rights does not impose liability on the supervisor. See Monell, 436 U.S. at 694; Taylor, 880 F.2d at 1045. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.
>
> Plaintiff fails to allege facts to connect each Defendant to any alleged constitutional violation. Plaintiff has not set forth facts concerning when, where or how each Defendant either directly violated his constitutional rights or knew that his constitutional rights were being violated, but failed to act. For these reasons, Plaintiff fails to state a claim against any Defendant.

(Doc.# 3 at 3-4.)

In his First Amended Complaint, Plaintiff fails to allege facts to support that any Defendant either enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights or that any remaining Defendant directly violated Plaintiff's constitutional rights. For that reason, he fails to state a claim against any remaining Defendant in his First Amended Complaint.

### C. Medical Claims

In Counts I and II, Plaintiff alleges that unidentified officers and CHS staff failed to provide constitutionally adequate medical care by providing him pain and anti-depressant medications and a wheelchair, crutches, or cane. As discussed above, Plaintiff fails to allege facts to support that any individuals named as Defendants were directly involved in any alleged violation. Further, Plaintiff fails to allege facts to support that any Defendant,

1 including CHS, or alternatively the County, promulgated or enforced a policy, custom or
2 practice that resulted in a violation of Plaintiff's constitutional rights. For that reason,
3 Plaintiff fails to state a claim regarding his medical care.

### D.     Threats to Safety/Failure to Protect

In Count III, Plaintiff alleges that he was negligently placed in general population rather than protective segregation or a "nature of crime" pod. Jail officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To establish a violation, an inmate must allege facts supporting that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to the inmate's safety. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant official knew of an excessive risk to inmate safety, but disregarded the risk. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff alleges that he was negligently placed in general population and was violently assaulted by other inmates. As noted above, negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983. Daniels, 474 U.S. at 330-31. Plaintiff otherwise fails to allege facts to support that any Defendant, or anyone else, knew or should have known of an excessive threat to Plaintiff's safety. That is, Plaintiff fails to allege facts to support that anyone acted with deliberate indifference to the risk of substantial harm to Plaintiff's safety. For these reasons, Plaintiff fails to state a claim in Count III.

### Conclusion

Plaintiff was previously warned about the deficiencies in his Complaint and was

- 6 -

1 afforded the opportunity to cure those shortcomings.  Plaintiff has failed to cure the cited
2 deficiencies or to otherwise state a claim in his First Amended Complaint against any
3 properly named Defendant.  Accordingly, the First Amended Complaint and this action will
4 be dismissed.

**IT IS ORDERED:**

(1)    Plaintiff's First Amended Complaint and this action are **dismissed** for failure to state a claim.  (Doc.# 5.)

(2)    The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 19th day of June, 2008.

_____
James A. Teilborg
United States District Judge